LittletoN, Judge,
delivered the opinion of the court:
The question in this case is whether the provisions of section 212 (a) of the Act of June.30, 1932, 47 Stat. 406, com *313 monly called tbe “Economy Act,” impose any limitation upon tbe pay of a retired enlisted man who, upon retirement, received the retired pay of a warrant officer by reason of having served as a commissioned officer during the World War when such retired pay, combined with the annual rate of compensation of a civilian position under the United States Government, exceeded $3,000 per annum.
At the time of plaintiff’s retirement he was an enlisted man in the United States Army with the grade of staff sergeant with a credit of over thirty years active service for retirement purposes. The facts show that he served as an enlisted man from 1902 until September 1, 1917, and as a first lieutenant in the Signal Corps from September 2, 1917, until he was honorably discharged December 30, 1920. He reenlisted as a private December 31, 1920, and served as an enlisted man until he was retired March 15, 1926, as a staff sergeant.
Under the provisions of section 8 of the Act of June 6, 1924, 43 Stat. 470, 472, the plaintiff upon his retirement became entitled by reason of his commissioned service to the retired pay of a warrant officer and since his retirement he has received the retired pay of a warrant officer, less the deductions mentioned in finding 7. Section 8, supra, provides that the retired enlisted men of the Army theretofore or thereafter retired who served honorably as commissioned officers in the army of the United States at some time between April 6, 1917, and November 11, 1918, should be entitled to receive the pay of retired warrant officers of the Army.
Section 212 (a) of the Economy Act of June 30, 1932, provides as follows:
After the date of the enactment of this Act, no person holding a civilian office or position, appointive or elective, under the United States Government, * * * shall be entitled, during the period of such incumbency, to retired pay from the United States for or on account of services as a commissioned officer in any of the services mentioned in the Pay Adjustment Act of 1922 [U. S. C., title 37], at a rate in excess of an amount which when combined with the annual rate of compensation from such civilian office or position, makes the total rate from both sources more than $3,000; and when *314 the retired pay amounts to or exceeds the rate of $3,000 per annum such person shall be entitled to the pay of the civilian office or position or the retired pay, whichever he may elect. As used in this section, the term “retired pay” shall be construed to include credits for.all service that lawfully may enter into the computation thereof.
“(b) This section shall not apply to any person whose retired pay plus civilian pay amounts to less than $3,000: Provided, That this section shall not apply to regular or emergency commissioned officers retired for disability incurred in combat with an enemy of the United States.
Plaintiff contends that the retired pay of a retired warrant officer which he was entitled to receive as an enlisted man is not within the limitation of section 212 for the reason that the provisions of that section were intended to apply only to the pay of retired officers who were retired as such officers. Section 212 (a) clearly imposes a limitation upon retired pay of any person entitled to retired pay “for or on account of services as a commissioned officer” who holds a civilian position, the pay of which, combined with such retired pay, exceeds $3,000 per annum. In the section involved, the Congress, in imposing this limitation, was clearly concerned with the amounxt of retired pay of any person, which retired pay was for or on account of services as a commissioned officer. It is clear from section 8 of the Act of June 6, 1924, supra, that plaintiff’s retired pay of a retired warrant officer was allowed to and received by him “from the United States for or on account of services as a commissioned officer” in the United States Army. Except for the provisions of this act, plaintiff’s retired pay as a retired enlisted man would have been $83.25 a month. In these circumstances it seems clear that the retired pay of plaintiff is within the plain language and intent of section 212 (a). This section does not mention the retired pay of enlisted men or of commissioned officers, but it specifically states that no person who holds a civilian office under the United States Government shall be entitled, during the period of such incumbency, to retired pay from the United States Army for or on account of service as a commissioned *315 ■officer when his combined retired fay and civilian pay exceeds $3,000 a year. The act further states that, as used therein, the term “retired pay” should be construed to include credits for all service which lawfully -might enter into the computation thereof. Plaintiff’s retired pay, which was measured by the retired pay of a retired warrant officer, was clearly on account of services as a commissioned officer in the United States Army during the period September 2,1917, to December 30, 1920, and, since the act expressly applies to .any person receiving retired pay on account of such services, the deductions in question were properly made and plaintiff is not entitled to recover. The petition is therefore dismissed, and it is so ordered.
Whaley, Judge; Geeen, Judge; and Booth, Chief Justice, concur.
Williams, Judge, took no part in the decision of this case.